AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 04 CR 237 |
| v. ) | |
| ) | Judge John W. Darrah |
| AMEN E. JUMAH ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On March 11, 2004, a grand jury returned an indictment against Defendant, Amen E. Jumah, charging Jumah with knowingly and intentionally possessing and distributing pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c). The Government alleges that Jumah distributed pseudoephedrine to Ali Quasem, a DEA confidential source ("CS") and government witness. Presently pending before the Court are the Government's Motions *in Limine*.

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (*Hawthorne*). "This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* [in this order] does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that, without the context of trial, the court is unable to determine whether the evidence

in question should be excluded. Therefore, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Hawthorne*, 831 F. Supp. at 1400-01 (internal citations omitted).

However, motions *in limine* are also well-established devices that settle evidentiary disputes and streamline trials in advance so that trials are not interrupted mid-course due to the need to consider lengthy and complex evidentiary issues. *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (*Tokash*). Accordingly, the court may address motions *in limine* relating to possible affirmative defenses and may exclude such defenses if the proposed defense fails as a matter of law. *See Tokash*, 282 F.3d at 968 (affirming trial court's ruling preventing defendant from presenting evidence of the affirmative defense of necessity); *United States v. Bastanipour*, 41 F.3d 1178, 1184 (7th Cir. 1994) (affirming trial court's ruling preventing evidence of coercion defense).

The Government's Motion *in Limine* I seeks to bar Jumah from calling DEA Special Agent Bradley Clemmer and FBI Special Agent John Diwik at trial, arguing that their testimony is irrelevant. The Government's Motion *in Limine* II seeks to bar defense counsel from questioning any trial witness about Jumah's or Quasem's work as a confidential informant in any investigation outside the present case. The Government's Motion *in Limine* III seeks to preclude evidence or argument of Jumah's public authority defense, arguing that the defense fails as a matter of law. These three motions *in limine* all pertain to Jumah's affirmative defense of public authority. The Government argues both lack of relevancy and failure of the defense as a matter of law.

Federal Rule of Evidence 104(b) provides:

> When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

Fed. R. Evid. 104(b).

The affirmative defense of public authority contains four elements: (1) the defendant was affirmatively told that his conduct would be lawful, (2) he was told this by an official of the United States government, (3) he actually relied on what the official told him in taking the action, and (4) his reliance on what he was told by the official was reasonable in light of the circumstances. *See* Seventh Circuit Committee 6.07 (1999); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n.18 (7th Cir. 1994); *United States v. Neville*, 82 F.3d 750, 761-62 (7th Cir. 1995).

In support of his public authority defense, Jumah intends to offer, *inter alia*, evidence that he worked as a paid CS for the FBI in Chicago and the DEA in Chicago and Los Angeles. Jumah intends to present documents and phone messages indicating that he was working as a CS for the United States government officials in relation to the pseudoephedrine trade, including the pseudoephedrine trade involving Quasem.

At this stage of the case, it cannot be concluded that the evidence sought to be excluded is irrelevant to Jumah's defense or that his defense fails as a matter of law. While the Government believes that the evidence of which it knows is insufficient to raise the defense, Jumah's proffer establishes that at this stage of the case, it cannot be said that his affirmative defense fails as a matter of law. Accordingly, the Government's Motions *in Limine* I, II, and III are denied without prejudice to raise

3

the same objections at the appropriate time during trial. The failure to object during trial will be deemed a waiver of these objections.

The Government's Motion *in Limine* IV seeks to preclude evidence or argument designed to elicit jury nullification. Jumah does not object to the Government's motion. The Government's Motion *in Limine* IV is granted.

For the foregoing reasons, the Government's Motions *in Limine* I, II, and III are denied without prejudice to raise the same objections at the appropriate time during trial. The failure to object during trial will be deemed a waiver of these objections. The Government's Motion *in Limine* IV is granted without objection.

Dated: January 18, 2006

JOHN W. DARRAH
United States District Court Judge