# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 04 CR 237 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| AMEN E. JUMAH | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On March 11, 2004, a grand jury returned an indictment against Defendant, Amen E. Jumah, charging Jumah with knowingly and intentionally possessing and distributing pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c). On January 27, 2006, Defendant was convicted by a jury of the charge. Presently before the Court is Defendant's Motion for a New Trial and Motion for Judgment of Acquittal.

## LEGAL STANDARD

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict,

such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, *quoting United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

## BACKGROUND

Defendant argues that a new trial should be held because, *inter alia*, the Court improperly instructed the jury as to the burden of proof as to Defendant's public authority defense.

At trial, Jumah raised the affirmative defense of public authority and presented evidence that he reasonably relied on the authority of a government official to engage in the alleged conduct. The Government proposed to charge the jury pursuant to the Seventh Circuit's Federal Jury Instructions Criminal 6.07, which provides:

> A defendant who acts in reliance on public authority does not act knowingly and should be found not guilty.
> A defendant acts under public authority if:
> (1) that defendant is affirmatively told that his conduct would be lawful;
> (2) the defendant is told this by an official of the government;
> (3) the defendant actually relies on what the official tells him in taking the action; and
> (4) the defendant's reliance on what he was told by the official is reasonable in light of the circumstances.
>
> In considering whether a defendant actually relied on representations by an official that his conduct would be lawful, you should consider all of the circumstances of their discussion, including the identity of the official, the point of law discussed, the nature of what the defendant told, and was told by, the official, and whether that reliance was reasonable.

The Government also proposed a jury instruction that: "The government does not bear the burden of disproving that the defendant acted in reliance on public authority." (Gov.'s Proposed Jury Instruction No. 21). In support of this instruction, the Government cited the Seventh Circuit

Committee Comment of the Seventh Circuit's Federal Jury Instructions 6.07, and the cases of *United States v. Warren*, 344 F. Supp. 2d 606 (N.D. Ill. 2004) (*Warren*) and *United States v. Austin*, 915 F.2d 363, 365 (8th Cir. 1990) (*Austin*).

During the jury instruction conference, Defendant requested that the jury instruction on the affirmative defense of public authority be added to the offense "elements" instruction and that the jury be instructed that the Government was required to disprove the defense of public authority beyond a reasonable doubt. The Government opposed Defendant's request and maintained that they were not required to disprove Defendant's affirmative defense based on the above-mentioned authority. The Court found that Defendant had sufficiently raised the public-authority defense and that the jury would be instructed on the elements of the defense; but the Court agreed with the Government's position regarding the allocation of the burden of proof. Subsequently, the jury was instructed as to the defense of reliance on public authority as provided in the Seventh Circuit's Federal Jury Instructions 6.07 (as set out above). The Government withdrew its proposed instruction No. 21. The jury was not instructed that the Government was required to disprove the affirmative defense beyond a reasonable doubt.

## ANALYSIS

The government must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship*, 397 U.S. 358, 364 (1970); *United States v. Talbott*, 78 F.3d 1183, 1185 (7th Cir. 1996) (*Talbott*). A jury instruction that shifts the burden of disproving an element of the charged offense to the defendant is unconstitutional. *See Patterson v. New York*, 432 U.S. 197, 215 (1977) (*Patterson*); *United States v. Toney*, 27 U.S. 1245, 1250 (7th Cir. 1994). However, Congress may reallocate the burden of proof by labeling an element

3

an affirmative defense and stating that the defendant bears the burden of proof on that affirmative

defense. *See Patterson*, 432 U.S. at 210; *Talbott*, 78 F.3d at 1185. For example, Congress has

shifted the burden of proving the affirmative defense of insanity, 18 U.S.C. § 17(b), and has

allocated the burden of proof to the defendant for any affirmative defenses asserted in the

prosecution for trafficking in counterfeit goods or services, 18 U.S.C. § 2320(c).

Although the Constitution allows the legislature to enact laws allocating the burden of

proving an affirmative defense to the defendant, absent a statute specifically doing so, the burden

does not automatically shift. *See Talbott*, 78 F.3d at 1186. "In other words, though it may be

constitutionally permissible to enact a burden-shifting statute, some affirmative legislative action

must trigger that shift . . . Absent such a statute, the burden of proof remains on the government to

negate beyond a reasonable doubt the affirmative defense properly raised by the defendant." *Talbott*,

78 F.3d at 1186. While the burden of *production* remains with the defendant as to an affirmative

defense, "the burden of *proof* (or the burden of *persuasion*) remains on the government to negate that

defense beyond a reasonable doubt, unless a statute affirmatively reallocates that burden of proof to

the defendant." *Talbott*, 78 F.3d at 1186 (emphasis in original).

In *Talbott*, the defendant's theory of defense was that he justifiably possessed a weapon in

order to prevent harm to himself and his wife and that he justifiably possessed ammunition because

he had carried it to the courthouse to surrender the ammunition as evidence. The defendant tendered

a self-defense instruction and, what he termed, a "good faith defense" instruction, which stated that

the government had the burden to negate the defenses beyond a reasonable doubt. The district court

found that the defendant had sufficiently raised the defenses; but when the court instructed the jury,

it stated that the defendant bore the burden of proving the defenses by a preponderance of the evidence. *See Talbott*, 78 F.3d at 1185.

The Seventh Circuit held that the district court erred in allocating the burden of proving the defenses asserted to the defendant because Congress had not defined the defenses by statute nor had it enacted any statute allocating to the defendant the burden of proving the defenses. *See Talbott*, 78 F.3d at 1186. "Because no law reallocated the burden of proof to [the defendant], the prosecution had the burden not only of proving beyond a reasonable doubt the elements of the charged offenses, but also of negating beyond a reasonable doubt the affirmative defenses raised by [the defendant]." *Talbott*, 78 F.3d at 1186; *see also, United States v. Davis*, 76 F.3d 311, 314 (9th Cir. 1996) (affirming jury instruction of public authority that included statement that the government must prove beyond a reasonable doubt that the defendant did not have a reasonable belief that he was acting as an authorized government agent to assist law enforcement activity at the time of the charged offense); *see also* Ninth Circuit Manual of Model Jury Instructions Criminal 6.10 (2000) (public authority instruction states, in part: "The government must prove beyond a reasonable doubt that the defendant did not have a reasonable belief that [he][she] was acting as an authorized government agent to assist law enforcement activity at the time of the offense charged in the indictment.").

In the instant case, the Court followed the Seventh Circuit Committee Comment following the Seventh Circuit's Federal Jury Instructions 6.07, which provides, in pertinent part:

> This defense is also known as "entrapment by estoppel." It is "rarely available," *United States v. Howell*, 37 F.3d 1197, 1204 (7th Cir. 1994) . . . It is not actually a form of entrapment, but is instead a species of good faith. *The jury should not be instructed, as it must in entrapment cases, that the government has the burden of proving*

> the negative of the defense. *United States v. Austin*, 915 F.2d 363, 365 (8th Cir. 1990), *cert. denied*, 499 U.S. 977 (1991) (Emphasis added).

The Court also followed *Austin*, where the Eighth Circuit affirmed the district court's refusal to give the defendant's proposed jury instruction of entrapment by estoppel, holding that the proposed instruction "erroneously placed the burden of proof of entrapment by estoppel on the government. Defendants have the burden of proof to establish that they were misled by the statements of a government official into believing that their conduct was lawful."[1] *See Austin*, 915 F.2d at 365. In support of its holding, the *Austin* court cited to *United States v. Smith*, 802 F.2d 1119, 1124 (9th Cir. 1986) (*Smith*) and *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 821-25 (9th Cir. 1985) (*Hsieh Hui Mei Chen*). However, it has now been determined that neither of these cases support this proposition. The *Smith* court addressed the defendant's general entrapment argument, not entrapment by estoppel. The *Smith* court did not address or comment on the issue of allocation of the burden of proof for that or any other defense. *See Smith*, 802 F.2d at 1124. The *Hsieh Hui Mei Chen* court also addressed the general entrapment defense, finding that the defendant failed to demonstrate entrapment as a matter of law and holding that the lower court correctly refused the instruction because the defendant stated that she knew her actions were unlawful, and did not address instructing the jury on the issue of the burden of proof.

The Court also relied on *Warren* cited by the Government. In that case, the district court rejected the defendant's argument that he was denied a fair trial because the court failed to instruct the jury that the government had to disprove the defendant's defense of public authority beyond a reasonable doubt and cited *Patterson* for the proposition that , "the government need not disprove

---

[1] The actual proposed jury instruction at issue is not included in the *Austin* opinion.

[the defendant's] defense of public authority beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 210 . . . (1997)." However, it is now noted that the United States Supreme Court in *Patterson* held that the New York *legislature could reallocate the burden of proof for an affirmative defense. See Patterson*, 432 U.S. at 205-06. (Emphasis added). Consistent with the requirements of due process, the reallocation of the burden of proof was done by statute. Here, no congressional enactment has been identified that allocates the burden of proof for the affirmative defense of public authority to the Defendant.[2]

Based on the above, the jury was not instructed that the Government bears the burden of disproving that the Defendant acted in reliance on public authority beyond a reasonable doubt. Furthermore, the error cannot be deemed harmless. A misstatement of the fundamental reasonable doubt burden of proof of the elements of an offense prevents the conclusion that the jury decided anything under the proper standard and cannot be deemed harmless. *See Sullivan v. Louisiana*, 508 U.S. 275, 280-81 (1993). However, an incorrect allocation of the burden of persuasion can be deemed harmless, *see Rose v. Clark*, 478 U.S. 570 (1986); *Sandstrom v. Montana*, 442 U.S. 510 (1979); and an incorrect allocation of the burden of proof on a subordinate issue, such as an affirmative defense, is a statutory, rather than a constitutional error; and Federal Rule of Civil Procedure 52(a) applies, *see Talbott*, 78 F.3d at 1188. Federal Rule of Civil Procedure 52(a)

---

[2]The legislature has the authority to require the defendant to prove his affirmative defense consistent with due process as long as the legislation does not reallocate the burden of proof as to the essential elements of the crime charged. *See Patterson v. New York*, 432 U.S. 197, 206-07 (1977). Accordingly, Congress *could* reallocate the burden of proof to Defendant for the affirmative defense of public authority.

provides, in pertinent part, that "[a]ny error, or defect, irregularity or variance which does not affect substantial rights shall be disregarded." However, "the defendant prevails when the effect of the error is a close question." *See Talbott*, 78 F.3d at 1188.

In the instant case, the Court found that the jury should be instructed as to Jumah's affirmative defense based on the evidence at trial. This evidence included, in part, testimony by a Government agent that, at certain times, Jumah was employed as a cooperating source for the Chicago Drug Enforcement Agency. It was also established that Jumah made several telephone calls to an agent for whom he had previously worked at times relevant to his defense. Jumah also presented impeachment evidence of a Government witness's testimony as to conversations he had with Jumah. Accordingly, the effect of the error in the jury instruction is a close call and cannot be deemed harmless.

In light of the Court's above ruling, the Court need not address Defendant's remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial is granted. Defendant's Motion for Judgment of Acquittal is denied as moot.

Dated: *April 12 2004*

JOHN W. DARRAH
United States District Court Judge